Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Voris, Terence Nowak, William Lyne, David Zaknoun, Edmond Olloni, and Fitor Rizvanolli, | No. _____ |
| Plaintiffs, | **COMPLAINT** |
| vs. | **(Demand for Jury Trial)** |
| Sydney Rose, Inc. d/b/a Italian Grotto and Garry Horowitz, | |
| Defendants. | |

COME NOW Plaintiffs, Bradley Voris, Terence Nowak, William Lyne, David Zaknoun, Edmond Olloni, and Fitor Rizvanolli (collectively "Plaintiffs"), individually, by and through the undersigned attorney and sue the Defendants, Sydney Rose, Inc. d/b/a Italian Grotto ("Defendant Sydney Rose") and Garry Horowitz (collectively, "Defendants"), and they allege as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b) and under the Arizona Wage Act, Arizona Revised Statutes ("ARS") § 23-363.

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. See 29 U.S.C. § 206(a). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m). The FLSA further recognizes that, under certain circumstances, an employee may be engaged in "dual jobs," during which an employer may only impose a tip credit on an employee's wages for time spent working while engaged in a tip-producing occupation. See 29 U.S.C. § 203(m). See also 29 C.F.R. § 531.56(e), Department of Labor Field Operations Handbook § 30d00(e). Additionally, under the FLSA, employers must pay their employees one and one half times their regular rate of pay for all time worked in excess of 40 hours in a regular workweek. See 29 U.S.C. § 207(a).

3.     Additionally, the Arizona Wage Act, ARS §23-363, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." Under Arizona Wage law, employers may impose a tip credit on their tipped employees' wages of up to $3.00. See ARS § 23-363.

/ /

/ /

-2-

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 201, *et seq.*, and 28 U.S.C. § 1367. This civil action arises under the Constitution and law of the United States and under the law of Arizona.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

6.      At all material times, Plaintiffs are individuals residing in Maricopa County, Arizona, and are former employees of Defendants.

7.      At all material times, Defendant Sydney Rose was a corporation duly licensed to transact business in the State of Arizona. Defendant Sydney Rose does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8.      At all relevant times, Plaintiffs were employees of Defendant Sydney Rose. At all relevant times, Defendant Sydney Rose, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant Sydney Rose. In any event, at all

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

-3-

relevant times, Defendant Sydney Rose was an employer subject to the FLSA and employed Plaintiffs.

9.     At all relevant times, Defendant Garry Horowitz owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Sydney Rose. At all relevant times, Defendant Garry Horowitz had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' Employment with Defendant Sydney Rose. In any event, at all relevant times, Defendant Garry Horowitz was an employer subject to the FLSA and employed Plaintiffs.

10.     Upon information and belief, Defendant Garry Horowitz was and continues to be a resident of Maricopa County, Arizona.

11.     Jane Doe Horowitz is the fictitious name for Defendant Garry Horowitz's spouse. When Jane Doe Horowitz's true name has been ascertained, this Complaint shall be amended accordingly. Garry Horowitz and Jane Doe Horowitz have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

12.     At all relevant times, Plaintiffs were "employees" of Sydney Rose, Inc. and Garry Horowitz as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

13.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Sydney Rose, Inc., and Garry Horowitz.

14.     At all relevant times, Sydney Rose, Inc., and Garry Horowitz were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

-4-

15.     At all relevant times, Plaintiffs were "employees" of Sydney Rose, Inc. and Garry Horowitz as defined by the Arizona Wage Act, ARS § 23-362(a).

16.     The provisions set forth in the Arizona Wage Act, ARS § 23-363, *et seq.*, apply to Sydney Rose, Inc., and Garry Horowitz.

17.     At all relevant times, Sydney Rose, Inc., and Garry Horowitz were and continue to be "employers" as defined by the Arizona Wage Act, ARS § 23-362(b).

18.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

19.     Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## NATURE OF THE CLAIM

20.     Defendants own and/or operate as Sydney Rose, Inc., d/b/a Italian Grotto, an enterprise located in Maricopa County, Arizona.

21.     Plaintiffs Bradley Voris, Terence Nowak, William Lyne, and David Zaknoun (the "Tipped Plaintiffs") were hired by Defendants as a tipped employee as defined by the FLSA, 29 U.S.C. § 201, *et seq.*, and ARS § 23-363(C), to work as servers.

22.     Plaintiffs Edmond Olloni and Fitor Rizvanolli (the "Non-Tipped Plaintiffs") were hired by Defendants to work as cooks.

### Tipped Plaintiffs – Failure to Pay Minimum Wage

23.     Tipped Plaintiff Bradley Voris worked for Defendants between approximately February 1, 2007 and April 30, 2015, when Tipped Plaintiff Bradley Voris left his employment with Defendants.

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

-5-

24. Tipped Plaintiff Terence Nowak worked for Defendants between approximately March 1, 2009 and August 31, 2015, when Tipped Plaintiff Terence Nowak left his employment with Defendants.

25. Tipped Plaintiff William Lyne worked for Defendants between approximately February 1, 2013 and September 30, 2015, when Tipped Plaintiff William Lyne left his employment with Defendants.

26. Tipped Plaintiff David Zaknoun worked for Defendants between approximately January 1, 2010 and September 30, 2015, when Tipped Plaintiff David Zaknoun left his employment with Defendants.

27. Rather than pay the Tipped Plaintiffs the applicable minimum wage, for the time the Tipped Plaintiffs were paid as tipped employees as defined by the FLSA, Defendants imposed a tip credit upon the Tipped Plaintiffs at a rate below the applicable minimum wage.

28. As a result of Defendants' imposition of a tip credit, the Tipped Plaintiffs were forced to perform work at a rate that was less than the applicable minimum wage.

29. Rather than paying an hourly rate to the Tipped Plaintiffs, for the entire duration of each of the Tipped Plaintiffs' employment with Defendants, Defendants paid the Tipped Plaintiffs a flat rate of approximately $265.00 per month, regardless of the amount of hours that the Tipped Plaintiffs worked in a given workweek, and regardless of whether the Tipped Plaintiffs worked in excess of 40 hours in a given workweek.

30. The method by which Defendants paid the Tipped Plaintiffs resulted in Defendants having imposed a tip credit upon the Tipped Plaintiffs' wages that exceeded the

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

maximum available tip credit of $5.12 under the FLSA and $3.00 under the Arizona Wage Act. Therefore Defendants failed to compensate the Tipped Plaintiffs at the applicable minimum wage rate for all hours worked per regular 40-hour workweek.

31.     For example, during workweek of January 25, 2015, Defendants failed and/or refused to pay the Tipped Plaintiffs the applicable minimum wage for all time that the Tipped Plaintiffs worked during their regular 40-hour workweek.

32.     As a result of Defendants' failure to compensate the Tipped Plaintiffs the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a) and ARS § 23-363.

33.     Pursuant to the FLSA, 29 U.S.C. § 203(m), and the Arizona Wage Act, ARS § 23-363, employers may impose a tip credit on their tipped employees' wages of up to $3.00, on the condition that, among other requirements, such employees have been informed by the employer of the provisions of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59.

34.     Defendants failed to inform the Tipped Plaintiffs of the provisions of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59 at any time during the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon the Tipped Plaintiffs' wages, and Defendants should have therefore paid the full Arizona minimum wage to the Tipped Plaintiffs for all time that the Tipped Plaintiffs worked during the course of their regular 40-hour workweeks.

35.     Pursuant to the FLSA, 29 U.S.C. § 203(m), employers may impose a tip credit on their tipped employees' wages of up to $3.00, on the condition that, among other requirements, all tips received by a tipped employee are retained by that tipped employee.

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

36.     Rather than allowing the Tipped Plaintiffs to retain all credit card tips on a per-shift basis, Defendants retained all credit card tips that the Tipped Plaintiffs earned in a given workweek and paid such tips to the Tipped Plaintiffs on approximately a weekly basis, less amounts improperly retained by Defendants, as discussed below.

37.     Defendants engaged in the regular practice of requiring the Tipped Plaintiffs to remit thirty percent (30%) of all of their credit card tips to Defendants, in violation of 29 U.S.C. § 203(m). As such, Defendants were not entitled to impose any tip credit upon the Tipped Plaintiffs' wages, and Defendants should have therefore paid the full Arizona minimum wage to the Tipped Plaintiffs for all time that the Tipped Plaintiffs worked during the course of their regular 40-hour workweeks.

38.     Defendants knew that – or acted with reckless disregard as to whether – their failure to (1) pay to the Tipped Plaintiffs the full applicable minimum wage, (2) inform the Tipped Plaintiffs of the provisions of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, and (3) allow the Tipped Plaintiffs to retain all tips, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during the Tipped Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

39.     The Tipped Plaintiffs believe and therefore aver that Defendants owe them the full minimum wage for each and every regular 40-hour workweek during which they worked for Defendants for the entire duration of their employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the

hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

### Non-Tipped Plaintiffs – Failure to Pay Minimum Wage

40.   Non-Tipped Plaintiff Emond Olloni worked for Defendants between approximately January 1, 2009 and August 31, 2015, when Non-Tipped Plaintiff Edmond Olloni left his employment with Defendants.

41.   Non-Tipped Plaintiff Fitor Rizvanolli worked for Defendants between approximately January 1, 2010 and September 30, 2015, when Non-Tipped Plaintiff Fitor Rizvanolli left his employment with Defendants.

42.   The Non-Tipped Plaintiffs did not perform work in an occupation in which they customarily and regularly received at least $30.00 per month in tips. As such, no tip credit was available to Defendants to impose upon the Non-Tipped Plaintiffs' wages.

43.   Rather than pay the Non-Tipped Plaintiff at a rate of at least the applicable minimum wage, Defendants imposed a tip credit upon the Non-Tipped Plaintiffs at a rate below the applicable minimum wage.

44.   As a result of Defendants' imposition of a tip credit, the Non-Tipped Plaintiffs were forced to perform work at a rate that was less than the applicable minimum wage.

45.   For the entire duration of each of the Non-Tipped Plaintiffs' employment with Defendants, Defendants paid the Non-Tipped Plaintiffs at a rate of $5.00 per hour, regardless of the amount of hours that the Non-Tipped Plaintiffs worked in a given

workweek, and regardless of whether the Non-Tipped Plaintiffs worked in excess of 40 hours in a given workweek.

46.     Therefore, Defendants failed to compensate the Non-Tipped Plaintiffs at the applicable minimum wage rate for all hours worked per regular 40-hour workweek.

47.     For example, during workweek of January 25, 2015, Defendants failed and/or refused to pay the Non-Tipped Plaintiffs the applicable minimum wage for all time that the Tipped Plaintiffs worked during their regular 40-hour workweek.

48.     As a result of Defendants' failure to compensate the Non-Tipped Plaintiffs the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a) and ARS § 23-363.

49.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to the Non-Tipped Plaintiffs the full applicable minimum wage would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during the Non-Tipped Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

50.     The Non-Tipped Plaintiffs believe and therefore aver that Defendants owe them the full minimum wage for each and every regular 40-hour workweek during which they worked for Defendants for the entire duration of their employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

**All Plaintiffs – Failure to Pay Overtime**

51.    For the entire duration of each of the Plaintiffs' employment with Defendants, Plaintiffs worked tens of hours of overtime each and every workweek.

52.    Defendants engaged in the regular practice of willfully failing to pay Plaintiffs one-and-one-half times their regular rates of pay for all time that Plaintiffs worked in excess of forty (40) hours per workweek.

53.    As a result of Defendants' willful failure to pay Plaintiffs one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiffs less than the applicable overtime wage rate for such work that Plaintiffs performed in excess of forty (40) hours per workweek.

54.    For example, during workweek of January 25, 2015, Defendants failed and/or refused to pay Plaintiff Bradley Voris one-and-one-half times his regular rate of pay for all time Plaintiff Bradley Voris worked in excess of forty (40) hours.

55.    For example, during workweek of January 25, 2015, Defendants failed and/or refused to pay Plaintiff Terence Nowak one-and-one-half times his regular rate of pay for all time Plaintiff Terence Nowak worked in excess of forty (40) hours.

56.    For example, during workweek of January 11, 2015, Defendants failed and/or refused to pay Plaintiff William Lyne one-and-one-half times his regular rate of pay for all time Plaintiff William Lyne worked in excess of forty (40) hours.

57.    For example, during workweek of January 25, 2015, Defendants failed and/or refused to pay Plaintiff David Zaknoun one-and-one-half times his regular rate of pay for all time Plaintiff David Zaknoun worked in excess of forty (40) hours.

58.     For example, during workweek of January 25, 2015, Defendants failed and/or refused to pay Plaintiff Edmond Olloni one-and-one-half times his regular rate of pay for all time Plaintiff Edmond Olloni worked in excess of forty (40) hours.

59.     For example, during workweek of January 25, 2015, Defendants failed and/or refused to pay Plaintiff Fitor Rizvanolli one-and-one-half times his regular rate of pay for all time Plaintiff Fitor Rizvanolli worked in excess of forty (40) hours.

60.     As a result of Defendants' willful failure to compensate Plaintiffs the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

61.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs one-and-one-half times their regular rate of pay for all time worked in excess of forty (40) hours per workweek, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

62.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs one-and-one-half times their regular rates of pay for all time worked in excess of forty (40) hours per workweek.

63.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiffs to work. As such, Defendants' records of Plaintiffs' time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

64.     Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

65.     Plaintiffs were non-exempt employees.

66.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

67.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

68.     Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

69.     Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount of liquidated damages equal to twice the amount of unpaid wages, interest, and reasonable attorney's fees and costs of this action under ARS § 23-364.

## COUNT I (TIPPED PLAINTIFFS): FAIR LABOR STANDARDS ACT MINIMUM WAGE: EXCESSIVE TIP CREDIT

70.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

71.     Defendants imposed upon the Tipped Plaintiffs wages a tip credit in excess of the maximum allowed pursuant to the FLSA, 29 U.S.C. § 203(m), during each and every workweek during which the Tipped Plaintiffs worked for Defendants.

72.     As such, Defendants willfully failed to pay to the Tipped Plaintiffs the proper applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a).

73.     As such, full applicable minimum wage is owed to the Tipped Plaintiffs for each and every workweek the Tipped Employees were employed by Defendants.

74.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay the Tipped Plaintiffs the full applicable minimum wage, as a result of having imposed a tip credit in excess of the maximum allowed by the FLSA, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during the Tipped Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

75.     The Tipped Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Bradley Voris, Terence Nowak, William Lyne, and David Zaknoun, individually, respectfully requests that this Court grant relief in their favor, and against Defendants Sydney Rose, Inc. d/b/a Italian Grotto, Garry Horowitz, and the marital community of Garry Horowitz and Jane Doe Horowitz for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

/ /

## COUNT II (TIPPED PLAINTIFFS): ARIZONA WAGE ACT
## MINIMUM WAGE: EXCESSIVE TIP CREDIT

76.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

77.     Defendants imposed upon the Tipped Plaintiffs wages a tip credit in excess of the maximum allowed pursuant to the Arizona Wage Act, ARS § 23-363, during each and every workweek during which the Tipped Plaintiffs worked for Defendants.

78.     As such, Defendants willfully failed to pay to the Tipped Plaintiffs the proper applicable minimum wage, in violation of the Arizona Wage Act, ARS § 23-363.

79.     As such, full applicable minimum wage is owed to the Tipped Plaintiffs for each and every workweek the Tipped Employees were employed by Defendants.

80.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay the Tipped Plaintiffs the full applicable minimum wage, as a result of having imposed a tip credit in excess of the maximum allowed by the Arizona Wage Act, would violate federal and state law, and Defendants were aware of the Arizona Wage Act minimum wage requirements during the Tipped Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of ARS § 23-363.

81.     The Tipped Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, an additional amount of liquidated damages equal to twice the amount of unpaid wages, together with interest, reasonable attorney's fees, and costs.

/ /

-15-

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

**WHEREFORE**, Plaintiffs, Bradley Voris, Terence Nowak, William Lyne, and David Zaknoun, individually, respectfully requests that this Court grant relief in their favor, and against Defendants Sydney Rose, Inc. d/b/a Italian Grotto, Garry Horowitz, and the marital community of Garry Horowitz and Jane Doe Horowitz for compensation for unpaid minimum wages, plus an additional amount of liquidated damages equal to twice the amount of unpaid wages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT III (TIPPED PLAINTIFFS): FAIR LABOR STANDARDS ACT FAILURE TO PROVIDE NOTICE OF TIP CREDIT

82.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

83.     Defendants intentionally failed and/or refused to inform the Tipped Plaintiffs of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

84.     As a result of Defendants' violation of 29 U.S.C. § 203(m), Defendants were prohibited from imposing any tip credit whatsoever upon the Tipped Plaintiffs' wages.

85.     Therefore, Defendants intentionally failed and/or refused to pay the Tipped Plaintiffs the full minimum wage according to the provisions of the FLSA for each and every workweek that the Tipped Plaintiffs worked for Defendants, for the duration of his employment, in violation of 29 U.S.C. § 206(a).

86.     As such, full applicable minimum wage for such time the Tipped Plaintiffs worked is owed to the Tipped Plaintiffs for the entire time they were employed by Defendants.

87.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay the Tipped Plaintiffs the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during the Tipped Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

88.     The Tipped Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Bradley Voris, Terence Nowak, William Lyne, and David Zaknoun, individually, respectfully requests that this Court grant relief in their favor, and against Defendants Sydney Rose, Inc. d/b/a Italian Grotto, Garry Horowitz, and the marital community of Garry Horowitz and Jane Doe Horowitz for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT IV (TIPPED PLAINTIFFS): FAIR LABOR STANDARDS ACT IMPROPER DOMINION OVER EMPLOYEE TIPS

89.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

90.     Defendants engaged in the regular practice of retaining approximately thirty percent (30%) of all credit card tips received by the Tipped Plaintiffs for each and every workweek during which the Tipped Plaintiffs worked for Defendants, in violation of the

FLSA, 29 U.S.C. § 203(m)'s requirement that all tips received by a tipped employee are retained by that tipped employee.

91.     As a result of Defendants' violation of 29 U.S.C. § 203(m), Defendants were prohibited from imposing any tip credit whatsoever upon the Tipped Plaintiffs' wages.

92.     Therefore, Defendants intentionally failed and/or refused to pay the Tipped Plaintiffs the full minimum wage according to the provisions of the FLSA for each and every workweek that the Tipped Plaintiffs worked for Defendants, for the duration of his employment, in violation of 29 U.S.C. § 206(a).

93.     As such, full applicable minimum wage for such time the Tipped Plaintiffs worked is owed to the Tipped Plaintiffs for the entire time they were employed by Defendants.

94.      Defendants knew that – or acted with reckless disregard as to whether – their failure to pay the Tipped Plaintiffs the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during the Tipped Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

95.     The Tipped Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Bradley Voris, Terence Nowak, William Lyne, and David Zaknoun, individually, respectfully requests that this Court grant relief in their favor, and against Defendants Sydney Rose, Inc. d/b/a Italian Grotto, Garry Horowitz, and the marital

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

community of Garry Horowitz and Jane Doe Horowitz for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT V (NON-TIPPED PLAINTIFFS): FAIR LABOR STANDARDS ACT MINIMUM WAGE: FAILURE TO PAY MINIMUM WAGE

96.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

97.     For the entire duration of each of the Non-Tipped Plaintiffs' employment with Defendants, Defendants paid the Non-Tipped Plaintiffs at a rate of $5.00 per hour, regardless of the amount of hours that the Non-Tipped Plaintiffs worked in a given workweek, and regardless of whether the Non-Tipped Plaintiffs worked in excess of 40 hours in a given workweek.

98.     Defendants therefore imposed upon the wages of the Non-Tipped Plaintiffs a tip credit for all hours worked, despite that the Non-Tipped Plaintiffs did not perform work in an occupation in which they customarily and regularly received at least $30.00 per month in tips.

99.     As such, Defendants willfully failed to pay to the Non-Tipped Plaintiffs the proper applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a).

100.    As such, full applicable minimum wage is owed to the Non-Tipped Plaintiffs for each and every workweek the Non-Tipped Employees were employed by Defendants.

101.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay the Non-Tipped Plaintiffs the full applicable minimum wage, as a result of

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

having imposed a tip credit in excess of the maximum allowed by the FLSA, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during the Non-Tipped Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

102.     The Non-Tipped Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Edmond Olloni and Fitor Rizvanoli, individually, respectfully requests that this Court grant relief in their favor, and against Defendants Sydney Rose, Inc. d/b/a Italian Grotto, Garry Horowitz, and the marital community of Garry Horowitz and Jane Doe Horowitz for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT VI (NON-TIPPED PLAINTIFFS): ARIZONA WAGE ACT MINIMUM WAGE: FAILURE TO PAY MINIMUM WAGE**

103.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

104.     For the entire duration of each of the Non-Tipped Plaintiffs' employment with Defendants, Defendants paid the Non-Tipped Plaintiffs at a rate of $5.00 per hour, regardless of the amount of hours that the Non-Tipped Plaintiffs worked in a given workweek, and regardless of whether the Non-Tipped Plaintiffs worked in excess of 40 hours in a given workweek.

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

105.    Defendants therefore imposed upon the wages of the Non-Tipped Plaintiffs a tip credit for all hours worked, despite that the Non-Tipped Plaintiffs did not perform work in an occupation in which they customarily and regularly received at least $30.00 per month in tips

106.    As such, Defendants willfully failed to pay to the Non-Tipped Plaintiffs the proper applicable minimum wage, in violation of the Arizona Wage Act, ARS § 23-363.

107.    As such, full applicable minimum wage is owed to the Non-Tipped Plaintiffs for each and every workweek the Non-Tipped Employees were employed by Defendants.

108.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay the Non-Tipped Plaintiffs the full applicable minimum wage, as a result of having imposed a tip credit in excess of the maximum allowed by the Ari, would violate federal and state law, and Defendants were aware of the Arizona minimum wage requirements during the Non-Tipped Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of ARS § 23-363.

109.    The Non-Tipped Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Edmond Olloni and Fitor Rizvanolli, individually, respectfully requests that this Court grant relief in their favor, and against Defendants Sydney Rose, Inc. d/b/a Italian Grotto, Garry Horowitz, and the marital community of Garry Horowitz and Jane Doe Horowitz for compensation for unpaid minimum wages, plus an additional amount of liquidated damages equal to twice the amount of unpaid wages,

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

-21-

prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT VII: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY PROPER OVERTIME RATE

110.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

111.    Defendants regularly and consistently failed and/or refused to pay Plaintiffs one-and-one-half times their regular rates of pay for all time Plaintiffs worked in excess of forty (40) hours per workweek, during each and every workweek that Plaintiffs worked in excess of forty (40) hours.

112.    As such, the proper overtime rate–one-and-one-half times Plaintiffs' regular rates of pay–for such time Plaintiffs worked in excess of 40 hours per given workweek is owed to Plaintiffs.

113.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs one-and-one-half times their regular rate of pay for all time worked in excess of 40 hours per given workweek would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

114.    Plaintiffs are therefore entitled to compensation for one-and-one-half times their regular rates of pay for such time worked, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

/ /

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

**WHEREFORE**, Plaintiffs, Bradley Voris, Terence Nowak, William Lyne, David Zaknoun, Edmond Olloni, and Fitor Rizvanolli, individually, respectfully requests that this Court grant relief in their favor, and against Defendants Sydney Rose, Inc. d/b/a Italian Grotto, Garry Horowitz, and the marital community of Garry Horowitz and Jane Doe Horowitz for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 13th Day of October 2015.

THE BENDAU LAW FIRM, PLLC

By:   /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Attorney for Plaintiffs

THE BENDAU LAW FIRM, PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251