# THE BENDAU LAW FIRM, PLLC

## Exhibit A

## AGREEMENT AND GENERAL RELEASE

This Agreement and General Release ("Agreement") is made by, between, and among Edmond Olloni, Fitor Rizvanolli, Bradley Voris, Terence Nowak, William Lyne, and David Zaknoun (collectively, the "Plaintiffs") and Sydney Rose, Inc., Maureen Brown, and Garry Horowitz (collectively, the "Defendants"). The Plaintiffs and Defendants are referred to here collectively as the "Parties" to this Agreement.

## RECITALS

WHEREAS, Plaintiffs filed a lawsuit against the Defendants captioned *Voris et al. v. Sydney Rose, Inc., et al.,* in the United States District Court in and for the District of Arizona bearing the Case Number CV-15-02054-PHX-SMM, and the Court later determined that all Plaintiffs were misjoined and Plaintiffs Olloni and Rizvanolli filed a lawsuit against Defendants captioned *Olloni et al. v. Sydney Rose, Inc., et al,.* in the United States District Court in and for the District of Arizona bearing the Case Number CV-16-02654-PHX-SMM (collectively, the "Action") alleging that the Defendants are liable for, among other things, unpaid minimum wage, overtime premium pay, liquidated damages, penalties, attorneys' fees and/or interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and Arizona law and its implementing regulations, all of which Defendants have from the outset denied and continue to deny; and

WHEREAS, the Parties have considered that the interests of all concerned are best served by compromise, settlement, and the dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interest; and

WHEREAS, to the extent there may be monies owed to Plaintiffs under the FLSA and/or Arizona law, the Parties acknowledge there is a genuine good faith dispute over, among other things, the number of hours worked by the Plaintiffs; and

915088.1

WHEREAS, the Parties have engaged in settlement negotiations and as a result have agreed to settle the issues, matters, and things in dispute among them in the Action pursuant to the terms of this Agreement; and

NOW, THEREFORE, in consideration of the mutual terms, conditions, and covenants set forth, the Parties hereto agree as follows:

1.     <u>Settlement:</u>  The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not be construed as, an admission by the Defendants of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as, an admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, directive, regulation or other (including executive orders).

2.     <u>Payment to the Plaintiffs:</u>  In return for the good and sufficient consideration set forth herein, the Parties agree to the following:

A.     The Defendants, through Sydney Rose, Inc., shall pay the Plaintiffs and their counsel a total gross sum of fifty-four thousand dollars ($54,000.00) in the manner set forth below:

B.     Each individual Plaintiff will be issued two checks by the Defendant Sydney Rose, Inc. in the amounts itemized in Paragraphs B(1) – (6) and Defendant Sydney Rose, Inc. will issue Internal Revenue Service forms W-2 and 1099 to each Plaintiff for the payments issued to him as follows:

1.     Two checks shall be made payable to Edmond Olloni.  The first check shall be made payable to Edmond Olloni for payment of unpaid wages owed to him, shall be in the amount of $3,000.00 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided to Edmond Olloni by Defendant Sydney Rose, Inc.  The second check shall be made payable to Edmond Olloni for liquidated damages owed to him, shall be in the amount of $3,000.00, and shall be reflected on a 1099 IRS form

915088.1

DocuSign Envelope ID: 154DF9F1-50DB-423F-9A5E-3F89A61AFC29

"other income [box 3]" provided to Edmond Olloni by Defendant Sydney Rose, Inc.

2.      Two checks shall be made payable to Fitor Rizvanolli.  The first check shall be made payable to Fitor Rizvanolli for payment of unpaid wages owed to him, shall be in the amount of $3,000.00 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided to Fitor Rizvanolli by Defendant Sydney Rose, Inc.  The second check shall be made payable to Fitor Rizvanolli for liquidated damages owed to him, shall be in the amount of $3,000.00, and shall be reflected on a 1099 IRS form "other income [box 3]" provided to Fitor Rizvanolli by Defendant Sydney Rose, Inc.

3.      Two checks shall be made payable to Bradley Voris.  The first check shall be made payable to Bradley Voris for payment of unpaid wages owed to him, shall be in the amount of $3,000.00 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided to Bradley Voris by Defendant Sydney Rose, Inc.  The second check shall be made payable to Bradley Voris for liquidated damages owed to him, shall be in the amount of $3,000.00, and shall be reflected on a 1099 IRS form "other income [box 3]" provided to Bradley Voris by Defendant Sydney Rose, Inc.

4.      Two checks shall be made payable to Terence Nowak.  The first check shall be made payable to Terence Nowak for payment of unpaid wages owed to him, shall be in the amount of $3,000.00 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided to Terence Nowak by Defendant Sydney Rose, Inc.  The second check shall be made payable to Terence Nowak for liquidated damages owed to him, shall be in the amount of $3,000.00, and shall be reflected on a 1099 IRS form "other income [box 3]" provided to Terence Nowak by Defendant Sydney Rose, Inc.

915088.1

5.     Two checks shall be made payable to William Lyne.  The first check shall be made payable to William Lyne for payment of unpaid wages owed to him, shall be in the amount of $3,000.00 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided to William Lyne by Defendant Sydney Rose, Inc.  The second check shall be made payable to William Lyne for liquidated damages owed to him, shall be in the amount of $3,000.00, and shall be reflected on a 1099 IRS form "other income [box 3]" provided to William Lyne by Defendant Sydney Rose, Inc.

6.     Two checks shall be made payable to David Zaknoun.  The first check shall be made payable to David Zaknoun for payment of unpaid wages owed to him, shall be in the amount of $3,000.00 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided to David Zaknoun by Defendant Sydney Rose, Inc.  The second check shall be made payable to David Zaknoun for liquidated damages owed to him, shall be in the amount of $3,000.00, and shall be reflected on a 1099 IRS form "other income [box 3]" provided to David Zaknoun by Defendant Sydney Rose, Inc.

C.     The thirteenth check shall be made payable to "Bendau & Bendau PLLC," Plaintiffs' counsel, as and for attorneys' fees and costs and shall be in the amount of $18,000.00.  Defendant Sydney Rose, Inc. shall issue to Plaintiffs' counsel an appropriate IRS form 1099 in relation to this payment, "gross proceeds paid to attorney [box 14]."  Plaintiffs' counsel agrees to provide a fully executed IRS form W-9 prior to and in relation to this payment.  Plaintiffs acknowledge that they have expressly authorized and directed Defendants to make this payment as described to Bendau & Bendau PLLC. No monies shall be withheld from this payment to Bendau & Bendau PLLC.

D.     The Parties agreement that the thirteen checks identified in Paragraph 2(A)-(C) will be sent by mail to Bendau & Bendau PLLC, P.O. Box 97066, Phoenix, AZ 85060 within fourteen (14) days of the execution of this

915088.1

DocuSign Envelope ID: 134DF9FD-5DDB-423E-842L-5FB9A013FC59

Agreement.   Plaintiffs' counsel will not distribute any of the thirteen checks identified in 2(A)-(C) until the Court's approval of this Agreement.

E.       Plaintiffs and Plaintiffs' counsel are solely responsible for complying with any and all taxing obligations arising from receipt of their respective portions of the Settlement Amount.   Plaintiffs hereby indemnify Defendants from any and all obligations with respect to taxes that may be due on the liquidated damages and attorneys' fees and costs portion of the Settlement Amounts.

3.       <u>General Release and Waiver of Rights and Claims by the Plaintiffs</u>:

In return for the consideration described above, Plaintiffs unconditionally release and forever discharge Defendants, their agents, employees, successors, and assigns, and all affiliated business entities, both individually and in their official capacities, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, which against Defendants, their heirs, executors, administrators, agents, successors, and assigns, ever had, may now have or hereafter can, shall or may have, arising under any federal, state or local, wage-hour, or labor laws and/or regulations, or contract from the beginning of time to the date this Agreement is executed by the Parties, including, but not limited to:

A.       all claims under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the Equal Pay Act, 29 U.S.C. § 206; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; Arizona Law; any amendments to the statutes referred to herein; sales commissions earned or accrued, whether as an employee or independent contractor; any costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged violation; alleged unpaid wages, salary, or overtime compensation; employee

DocuSign Envelope ID: 154DF9FD-9DDB-423F-842C-5F89A9D3FC39

classification; exempt classification; "at-will" classification; and any claims relating to procurement of customers, sub-agents, business, finder's fees, or any other asserted basis for additional remuneration or other rewards; and any other federal, state or local law relating to employee wages and hours;

B.     all claims alleging breach of promise, breach of contract or implied contract; fraud; misrepresentation; fraudulent inducement; promissory estoppel; unjust enrichment; quantum meruit; conversion; defamation; or otherwise arising under any common law theory or in tort, contract, or quasi-contract, whether in law or equity;

C.     all claims for fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application of any benefit plan; and any claims for non-vested benefits arising under ERISA;

D.     all claims for payment of income and employment taxes.

4.     <u>No Other Payment Due</u>: Except as specifically provided in this Agreement; Plaintiffs agree that they are not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from the Defendants for any work they performed for Defendants during the relevant period as defined in the Action to the date the Parties execute this Agreement.

5.     <u>Accord and Satisfaction</u>: Should any proceeding be instituted by Plaintiffs with respect to matters here settled, released or waived pursuant to the Agreement, other than an action or proceeding to enforce the terms of the Agreement, this Agreement shall be deemed full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

915088.1

6.    <u>Dismissal of The Action</u>:

A.    Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges alleging improper payment of wages, filed with federal, state and local agencies/ administrative bodies and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment of wages, including without limitation, the Action, as well as any and all other lawsuits, claims, counterclaims, demands, appeals or actions concerning improper payment of wages pending against the parties they have released herein; and will not accept any money from or file any other currently existing internal or external administrative or  judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on Defendants' alleged improper payment of wages to the Plaintiffs during their employment by the Defendants through the date this Agreement and General Release is executed by the Parties.

B.    Payment of the Settlement Amount due under this Agreement is contingent upon the Court in the Action approving this Agreement.

C.    After payment pursuant to this Agreement is received by Plaintiffs' counsel, Plaintiffs, through counsel, shall execute a Stipulation of Dismissal with Prejudice and provide a signed copy of such to Michelle Swann, counsel for the Defendants.

D.    Bendau & Bendau PLLC, as counsel for the plaintiffs, shall file a fully-executed copy of the Stipulation of Dismissal with the Court.

E.    The Parties agree to use their best efforts to obtain the Court's approval of this Agreement and endorsement of the Stipulation of Dismissal.

7.    <u>Entire Agreement</u>: The Parties represent and acknowledge that they have carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are not relying upon any

915088.1

DocuSign Envelope ID: 138DF9F0-90DB-423F-89EA-5FD9A91BFC39

representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

8. <u>Plaintiffs' Consultation with Legal Counsel</u>: Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement and General Release and have done so.

9. <u>Waiver and Modification</u>: This Agreement and General Release may not be modified, altered or changed except upon express written consent of the Parties.

10. <u>Counterparts</u>: This Agreement and General Release may be executed in counterparts, and by written, electronic, or facsimile signature.

11. <u>Use of the Singular</u>: Whenever used in this Agreement and General Release, the singular word shall include the plural, the plural the singular; and the use of any gender shall be applicable to all genders. This General Release shall not be interpreted in favor of, or against, either party because of such party having drafted this General Release.

12. <u>Governing Law</u>: This Agreement and General Release shall be subject to and governed by the laws of the State of Arizona.

**REMAINDER OF PAGE LEFT INTENTIONALLY BLANK**

915088.1

DocuSign Envelope ID: D54DF9FD-9DDB-423F-99AL-DF89A913FC39

13. <u>Severability Clause</u>: If any term or provision of this Agreement and General Release, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement and General Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement and General Release shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable to the Defendants.

IN WITNESS WHEREOF, Plaintiffs and Defendants hereunto set their hands this the _____day of October, 2018.

SYDNEY ROSE, INC.

_____

By: Garry Horowitz

Its: Owner

Maureen Brown

_____          _____
Maureen Brown                                              Garry Horowitz

915088.1

13. Severability Clause: If any term or provision of this Agreement and General Release, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement and General Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement and General Release shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable to the Defendants.

IN WITNESS WHEREOF, Plaintiffs and Defendants hereunto set their hands this the _____ day of October, 2018.

SYDNEY ROSE, INC.

By: Garry Horowitz
Its: Owner


_____          _____
Maureen Brown                     Garry Horowitz


_____          _____
Edmond Olioni                     Fitor Rizvanolli

DocuSign Envelope ID: 5D5F677C-3921-4FCA-B2AC-0066903138CA

13.    <u>Severability Clause</u>: If any term or provision of this Agreement and General Release, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement and General Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement and General Release shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable to the Defendants.

IN WITNESS WHEREOF, Plaintiffs and Defendants hereunto set their hands this the _____day of October, 2018.


SYDNEY ROSE, INC.

_____

By:  Garry Horowitz

Its: Owner


_____       _____

Maureen Brown                         Garry Horowitz


_____       _____

Edmond Olloni                         Fitor Rizvanolli

915088.1

DocuSign Envelope ID: 865FBCA4-E3A9-4854-87C3-AB8E71CD1B8E

13.    <u>Severability Clause</u>: If any term or provision of this Agreement and General Release, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement and General Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement and General Release shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable to the Defendants.

IN WITNESS WHEREOF, Plaintiffs and Defendants hereunto set their hands this the _____ day of October, 2018.

SYDNEY ROSE, INC.

_____

By:  Garry Horowitz

Its: Owner

_____          _____

Maureen Brown                                         Garry Horowitz

_____          _____

Edmond Olloni                                          Fitor Rizvanolli

915088.1

DocuSign Envelope ID: AD353048-660B-4B96-ABAD-57BBAEFFE2F9

DocuSigned by:

_____
Bradley Voris

_____
Terence Nowak

_____
William Lyne

_____
David Zaknoun

915088.1

DocuSign Envelope ID: 079E8D61-D7DF-4211-B48A-206AC47FC451

_____

Bradley Voris

DocuSigned by:

_____

Terence Nowak

_____

William Lyne

_____

David Zaknoun

915088.1

DocuSign Envelope ID: 75893E7B-C80E-4240-9CFB-AF7530966F35

---

Bradley Voris

---

Terence Nowak


DocuSigned by:

_1DC7ECE091E5420_

---

William Lyne

---

David Zaknoun

915088.1

DocuSign Envelope ID: 56111439-F9EA-4319-9048-D90871703620

_____

Bradley Voris

Terence Nowak

DocuSigned by:

BC9A8F28E97D4DF

William Lyne

David Zaknoun

915088.1